## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Elky Fischman,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Paul J Hooten & Associates;<br><br>Defendants. | Case No.: 3:22-cv-2751<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elky Fischman brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Paul J Hooten & Associates ("PJH"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant PJH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. PJH has an address at 5505 Nesconset Highway, Suite 203, Mt. Sinai, NY 11766.

10. Upon information and belief, Defendant PJH is a law firm.

11. Upon information and belief, PJH uses the mail and telephone and regularly engages in business the principal purpose of which is collecting debts, and regularly collects debts alleged to be due to others.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. in two sub-classes where:

        1. the letter was sent by someone not admitted to practice law in New Jersey; or

        2. the debt has been reduced to judgment outside New Jersey and never registered within New Jersey; and

    e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats the above allegations as if set forth here.

22. Some time prior to October 18, 2021, Plaintiff allegedly incurred an obligation to non-party Columbia Presbyterian Med ("Columbia").

23. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically medical services.

24. The alleged Columbia obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Columbia is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. According to the letter described below, the debt was reduced to a judgment.

27. Upon information and belief, the judgment was entered in 2007 or prior.

28. According to the letter described below, Columbia requested Defendant's assistance in enforcing the judgment.

29. Defendant TJH collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – October 18, 2021 Collection Letter*

30. On or about October 18, 2021, Defendant sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

31. According to the Letter, judgment was entered against Plaintiff.

32. The Judgment was entered in New York.

33. The Letter is on Defendant PJH law firm's letter head.

34. The Letter states **PAUL J. HOOTEN & ASSOCIATES** *ATTORNEYS AS LAW*.

35. The Letter is signed by Paul J. Hooten.

36. The Letter states that if Defendant does not hear from Plaintiff it will pursue "alternative methods" to satisfy the judgment.

37. Upon information and belief, Paul J. Hooten is not admitted to practice law in New Jersey.

38. The Letter was sent by Mr. Hooten to Plaintiff in New Jersey.

39. Mr. Hooten is practicing law in New Jersey without license.

40. The unauthorized practice of law in New Jersey is a crime.

41. A person knowingly engaging in the unauthorized practice of law in New Jersey can be sentenced to prison for up to 18 months.

42. Therefore, Defendant used criminal means to collect the alleged debt, i.e., to harm Plaintiff's property.

43. The Letter threatens Plaintiff with enforcing the New York judgment.

44. Upon information and belief, the New York judgment was never registered in New Jersey.

45. Upon information and belief, the New York Judgment was never rendered enforceable in New Jersey.

46. The Judgment may not be enforced in New Jersey without being registered here.

47. Pursuant to New Jersey Court Rule. 1:21, an attorney seeking to register a foreign judgment must be licensed to practice law in the State of New Jersey and in good standing.

48. Finally, the judgment was entered more than ten years ago although New York judgment liens against real property only last for ten years absent an affirmative renewal.

49. Upon information and belief, the judgment was not renewed.

50. Yet the Letter threatened enforcement against Plaintiff's real property.

51. The Letter led Plaintiff to reasonably believe that Mr. Hooten is admitted to practice law in New Jersey.

52. However, Mr. Hooten is not admitted to practice law in New Jersey

53. The Letter led Plaintiff to reasonably believe that the judgment could be enforced in New Jersey at the time the Letter was sent.

54. However, the judgment could not be enforced in New Jersey at the time the Letter was sent.

55. Defendant's Letter was harassing, false, deceptive, misleading, and unfair.

56. It is deceptive to imply that an attorney is admitted in the state when he is not.

57. It is deceptive to imply that a judgment can be immediately enforced when it cannot.

58. This false information is deceptive in preventing Plaintiff from determining the credentials and pedigree of the collector and from ascertaining the enforceability of the judgment.

59. The Letter should never have been sent.

60. Furthermore, this confusion can ultimately result in collecting on an unenforceable judgment.

61. Defendant is attempting to collect an unenforceable judgment.

62. The letter is misleading because Plaintiff could conclude that Mr. Hooten is a New Jersey attorney about to commence judgment enforcement proceedings.

63. The Letter is therefore harassing, false, deceptive, misleading, and unfair.

64. Because of the misinformation, Plaintiff suspects the Letter may be fraudulent or questionable, on whole or in part.

65. Plaintiff relied on the statements in the Letter in that she was unable to discern the enforceability of this alleged debt and debt collector.

66. Because she was unable to ascertain this from the Letter, Plaintiff was unable to make payment thereon.

67. Plaintiff is unable to evaluate the debt being collected.

68. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

69. Plaintiff was therefore unable to make payment on the debt.

70. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

71. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out.

72. Defendant's conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendant's letter not been improper.

73. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter demanding payment was misleading, if not false.

74. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

75. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

76. She spent this trying to determine to which alleged judgment and debt this referred—a New York judgment that was never domesticated, or domesticated New Jersey judgment.

77. She spent this trying to determine the propriety of Mr. Hooten's collections.

78. She spent this trying to determine how this debt came to be with non-New Jersey attorney.

79. She spent this trying to determine the enforceability of the judgment.

80. She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real enforceable judgment and debt.

81. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

82. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, suspecting a fraudulent collection.

83. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as it appeared that someone was coming after her collecting on a perhaps improper debt.

84. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter seemed to be collecting on an unenforceable debt.

85. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter seemed to come from an out-of-state attorney.

86. Plaintiff suffered from fear, anxiety, stress, and difficulty with sleep, as the Letter was harassing.

87. Plaintiff also disputes the amount of this alleged debt.

88. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

89. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

90. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

91. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects him to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

92. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

93. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

94. Defendant showed a reckless disregard for causing Plaintiff to suffer from emotional stress.

95. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

96. The fear of the victim need not be so great as to result in terror, panic, or hysteria. *Id.*

97. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

98. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

99. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

100. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

101. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

102. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

103. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

104. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

105. As described above, Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

106. As described above, Plaintiff would have pursued a different course of action were it not for Defendant's violations.

107. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

108. Plaintiff repeats the above allegations as if set forth here.

109. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

110. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

111. Defendant violated said section, as described above, in violation of §1692e, 1692e (2), 1692e (3), 1692e (4), 1692e (5), 1692e (9), and 1692e (10).

112. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

113. Plaintiff repeats the above allegations as if set forth here.

114. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

115. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

116. Defendant violated this section as described above in violation of § 1692f, 1692f (1), and 1692f (6).

117. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

118. Plaintiff repeats the above allegations as if set forth here.

119. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

120. Pursuant to 15 USC §1692g:

121. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt…

122. Defendant violated 15 U.S.C. §1692g by failing to include a clearly identify the enforceable amount of the debt or overshadowing that information.

123. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

124. Plaintiff repeats the above allegations as if set forth here.

125. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

126. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

127. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the extinguished debt.

128. Defendant violated said section, as described above, in violation of § 1692d, 1692d (1), and 1692d (2).

129. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

130. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 11, 2022                                         Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*